UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CENTURY LINK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 2:10-CV-299 JD |
| ) | |
| BBC ELECTRICAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is the defendant's motion to dismiss filed January 17, 2012 [DE 28]. The plaintiff filed a response on March 26 [DE 30], and the defendant replied on April 5 [DE 31]. On May 18, the Court held a telephonic status conference to discuss the status of the case and the motion [DE 35]. At the hearing, counsel for the defendant stated that she wished a ruling on her motion, notwithstanding the plaintiff's resumption of prosecution of its case. For the following reasons, the Court will deny the defendant's motion to dismiss for lack of prosecution.

## I. JURISDICTION

At the May 18 status conference, counsel for the plaintiff raised a question about the subject matter jurisdiction of the court. Over a year earlier, this same issue was raised before Magistrate Judge Andrew Rodovich, who ordered jurisdictional briefing. *See* DE 13. The defendant complied, but the plaintiff never briefed the issue of jurisdiction. The plaintiff's decision not to brief the issue does not, however, relieve the Court of its responsibility to ensure that it has jurisdiction at every stage of the proceedings.

On July 23, 2010, the defendant removed this matter from state court, asserting that this Court has jurisdiction under 28 U.S.C. §1332. District courts are deemed to have original diversity

jurisdiction over all civil actions in which the parties have complete diversity of citizenship and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a). Based on the complaint, complete diversity of citizenship exists between the parties. *See* DE 1. The plaintiff, CenturyLink, is a citizen of the State of Louisiana, where it has its principal place of business, as well as a citizen of the State of Indiana, where it is incorporated. The defendant, BBC Electrical Services, Inc., is a citizen of the State of Kansas, where it is incorporated and has its principal place of business.

The Court also finds that the amount in controversy is met. Generally, the party seeking a federal forum has the burden of demonstrating that removal to the federal court is proper. *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir.1995). When the complaint includes a number, it controls unless recovery of that amount would be legally impossible. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). By contrast, when the complaint omits a figure—as is required in the State of Indiana—the size of the claim must be evaluated in some other way. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006). Therefore, a diverse defendant, confronted with a plaintiff who claims the amount in controversy is not more than $75,000, can establish that removal is proper by demonstrating by a preponderance of the evidence that the amount in controversy actually exceeded the jurisdictional amount. The defendant must explain with factual detail that it is reasonable and probable that the plaintiff's injuries exceed $75,000. *King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213 (S.D. Ind. 1996).

According to the Seventh Circuit:

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*LM Ins. Corp. v. Spaulding Enter. Inc.*, 533 F.3d 542, 547 (7th Cir.2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir.2006)). In other words, a removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court, unless a rule of law applies that will keep the award under the threshold. Once the defendant has established the amount in controversy by competent proof, the plaintiff can defeat jurisdiction "only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

  A plaintiff cannot escape removal to federal court by making post-removal amendments to the pleadings in order to change the amount in controversy. Because Indiana Trial Rule (2)(A) provides that "in any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand," the amount of damages sought is ambiguous and plaintiffs often file post-removal damages. These stipulations are filed after a case has been removed from state to federal court and are designed to defeat diversity jurisdiction. With regards to post-removal damages, the Supreme Court has held that when the "plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount," this does not deny the district court jurisdiction. *St. Paul Mercury*, 303 U.S. at 285-86.

  In this case, CenturyLink attempted to specify its maximum recovery before removal by including a specific amount of punitive damages in its complaint. To wit, CenturyLink alleges $24,080.15 in actual damages plus punitive damages in the amount of $48,160.30 and attorneys' fees. The total amount of relief specified in the complaint is thus $72,240.45, plus reasonable attorney's fees, just below the amount in controversy requirement. As noted, however,

CenturyLink's inclusion of a specific amount of punitive damages was invalid under Indiana Trial Rule 8(A)(2). Allowing this impermissible figure to defeat removal would encourage plaintiffs to violate Indiana's trial rules to prevent removal. And while a plaintiff *may* prevent removal by "fil[ing] a binding stipulation or affidavit with their complaints," *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992), CenturyLink has not done so in this case.

Therefore, the Court will determine jurisdictional amount in controversy as if CenturyLink had complied with Trial Rule 8 and omitted a specific amount of punitive damages. As the Seventh Circuit has explained:

> [w]here punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."

*Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995) (quoting *Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir.1974)).

Indiana Code § 8-1-26-22(b) specifically allows for a court having jurisdiction to award punitive damages up to three times the operator's actual damages. In the present case, the Plaintiff alleges actual damages of $24,080.15. If the court were to award the maximum permitted punitive damages ($72,240.45), in addition to the actual damages ($24,080.15) this alone would satisfy the amount in controversy requirement. Additionally, Indiana Code § 8-1-26-22(a), allows for the recovery of reasonable attorney's fees, which may be considered for jurisdictional purposes to the extent they have accrued at the time of removal. *See Oshana,* 472 F.3d. at 511. Given that CenturyLink has alleged willful behavior on the defendant's part and has specifically requested punitive damages, it is not clear beyond a legal certainty that CenturyLink could not recover more than $75,000.

Thus, the Court finds that the removing party has shown by a preponderance of the evidence enough facts to suggest that the amount in controversy requirement for diversity jurisdiction is met, and therefore this matter was properly removed to the United States District Court for the Northern District of Indiana, under 28 U.S.C. §1332.

## II. MOTION TO DISMISS

Under Federal Rule of Civil Procedure 41(b), a case should only be dismissed when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.,* 664 F.3d 182, 190 (7th Cir. 2011) *(*quoting *Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003)).  For Rule 41(b) dismissals, the record of delay, contumacious conduct or prior failed sanctions must be "clear." *Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003) (*quoting Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir. 1998)). The case at hand does not meet the requisite standard.

When deciding whether to dismiss a case for want of prosecution, a district court should take into account the particular circumstances of the case. *Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir. 1998). BBC Electrical removed this matter in July 2010, and the case progressed until September 1, 2011 when Magistrate Judge Rodovich became aware that counsel for the Plaintiff, John Jewell, was not admitted to practice in the Northern District of Indiana. *See* DE 1 & 23.  According to defendant, the last correspondence that it received from CenturyLink prior to the motion to dismiss was on July 12, 2011. *See* DE 28. While dismissal under Rule 41(b) may be warranted by a lengthy period of inactivity, the one-year period in this case is not a sufficient amount of time to qualify for dismissal due to failure to prosecute. *Compare CGIU Employer Retirement Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1199-1200 (7th Cir. 1993)(twenty-two months of inactivity did not warrant dismissal), *with Washington v. Walker,* 734 F.2d 1237,1238 (7th

Cir. 1984)(dismissal appropriate where case was inactive for four years); *Tome Engenharia E. Transportes, Ltda v. Malki*, 98 Fed. Appx. 518 (7th Cir. 2004) (*quoting Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962)) (three-year delay warranted dismissal); *and Indiana Ins. Co. V. Matrix LS, Inc.* No. 06 C 2115, 2012 WL 2458523 (N.D. Ill. 2012) (inactivity for four years constitutes a failure to prosecute worthy of dismissal).

On April 29, 2011, Mr. Jewell was contacted by Mr. Norris, a claims specialist from the defendant's insurance provider, regarding a settlement offer. CenturyLink believed that this case was settled pursuant to Mr. Norris' letter, and relayed this in an email to BBC Electrical's counsel dated July 12, 2011. [DE 28-G]. Mr. Jewell filed for admission to practice in the district on November 23 and subsequently refiled his appearance in this case on March 26, 2012. Plaintiff's counsel asserts that he is willing to proceed with this case and if possible, resolve a settlement dispute between the parties. BBC Electrical argues that the delay in this case has prejudiced them, yet offers no evidence or explanation as to how. While there has been some postponement in this case, the record does not indicate "a clear record of delay or contumacious conduct." *Brown*, 664 F.3d at 190.

### III. CONCLUSION

The Court has jurisdiction in this case, but does not believe dismissal for failure to prosecute is warranted. Accordingly, the Court **DENIES** the Defendant's motion to dismiss for failure to prosecute [DE 28].

SO ORDERED.

ENTERED:  September 25, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court