UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Centurylink, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) Cause No.: 2:10-cv-299 |
| | ) |
| BBC Electrical Services, Inc., | ) |
| | ) |
|     Defendant. | ) |

AMENDED OPINION AND ORDER

This matter is before the court on the Order to Prepare a Report and Recommendation on the Motion to Enforce Settlement Agreement [DE 47] filed by the defendant, BBC Electrical Services, on May 14, 2013. For the following reasons, it is **RECOMMENDED** that the motion be **DENIED**.

Background

On April 29, 2011, the defendant's insurer sent a letter to the plaintiff's attorney extending a settlement offer in the amount of $3,904.15. On July 12, 2011, the plaintiff's attorney sent defense counsel an e-mail, which stated that he believed the matter was settled pursuant to defense counsel's April 29, 2011 letter, and that he had been "patiently waiting for the proposed release and check." Shortly thereafter, the plaintiff's attorney informed defense counsel that he was not licensed to practice law in the Northern District of Indiana. Almost a year later, on May 2, 2012, defense counsel contacted the plaintiff's attorney to request that the settlement documents be finalized. At this time, the plaintiff's attorney stated that he did not

1

possess the authority to settle the matter for $3,904.15.  The letter explained that he had been authorized to settle for $17,500.00, and that his client had never approved the lesser amount. He stated that there had been a miscommunication in his office and that the offer was accepted inadvertently.  The defendant now moves to enforce the settlement agreement.

Discussion

Oral settlement agreements are enforceable under federal law, provided the party seeking to enforce the agreement can show that all contract formalities have been complied with.  *Taylor v. Gordon Flesch Co., Inc*., 793 F.2d 858, 862 (7th Cir. 1986); *Air Line Stewards, Etc. v. Trans World Airlines*, 713 F.2d 319, 321 (7th Cir. 1983); *IMI Norgren, Inc. v. D & D Tooling Mfg*., *Inc*., 306 F.Supp.2d 796, 801 (N.D. Ill. 2004).  The moving party bears the burden of proving that an offer was made by one party, accepted by the other, and consideration was exchanged. *IMI Norgren,* 306 F.Supp.2d at 802 (*citing* *Hyde Park Union Church v. Curry*, 942 F.Supp. 360, 363 (N.D.Ill. 1996))*; Degerman v. S.C. Johnson & Son, Inc*., 875 F.Supp. 560, 562 (E.D. Wis. 1995)(*citing Taylor*, 793 F.2d at 862).  The moving party can satisfy its burden and prove the existence of an enforceable settlement agreement directly or by showing that the actions of the parties indicate an agreement.  *Degerman*, 875 F. Supp. at 562; *Ecologix, Inc. v. FanSteel, Inc.,* 676 F.Supp. 1374, 1379 (N.D. Ill. 1988).  The parties must knowingly and voluntarily enter into the agreement either personally or by providing their attorneys with authority to settle. *Hartman v. Hook-Superx Inc*., 42 F.Supp.2d 854, 855 (S.D. Ind. 1999).

"An attorney's authority to settle a lawsuit is entirely separate from his authority to represent a client in litigation and will not be presumed."  *Higbee v. Sentry Insurance Co.*, 253 F.3d 994, 999 (7th Cir. 2001)(citing *Brewer v. National R .R. Passenger Corp*., 165 Ill.2d 100,

208 Ill.Dec. 670, 649 N.E.2d 1331, 1333-34 (1995)). In order to bind a client to a settlement agreement, the attorney must have the authority to act as the client's agent. ***Higbee v. Sentry Insurance Co.***, 253 F.3d 994, 999 (7th Cir. 2001); ***White v. Lowe's Home Centers, Inc***., 2012 WL 5497853, *6 (N.D. Ind. Nov. 13, 2012). When the settlement occurs out of court, an attorney does not have implied or apparent authority based on his status as the party's attorney alone. ***Higbee,*** 253 F.3d at 999-1000; ***White***, 2012 WL 5497853 at *6. Rather, the authority must be express or implied from the words used, customs, or relations of the parties. ***Higbee,*** 253 F.3d at 999-1000*; **White***, 2012 WL 5497853 at *6.

The letter submitted by defense counsel establishes that an offer was made in the amount of $3,904.15. The question then is whether there was acceptance and consideration. To show that the plaintiff accepted the offer, the defendant submitted the plaintiff's attorney's July 12, 2011 e-mail, which states that he was of the opinion that the case had settled pursuant to the letter sent by defense counsel, and that he had been waiting for the release and check. The exhibit shows that the plaintiff's counsel attached the April 2011 letter containing the offer of $3,904.15 to his e-mail. However, he later followed up that he had obtained the authorization from his client to settle for $17,500, and that due to a clerical error his office inadvertently responded to the $3,904.15, which was outside of his authority.

In light of this correspondence, it is not clear that the plaintiff's attorney had authority to enter into the settlement agreement for $3,904.15. The record does not reflect that the plaintiff gave its attorney unbridled discretion to settle, was ever made aware of the terms of the agreement, or that it accepted those terms. Rather, the record suggests that the plaintiff may have given its attorney the authority to settle for $17,500, and by accepting the lower amount,

3

plaintiff's counsel was acting outside his authority. The record is devoid of any evidence that the plaintiff was aware of the terms of this offer or that the plaintiff's attorney was acting within his authority to accept the $3,904.14. For this reason, the defendant has failed to show that the settlement offer was accepted by the plaintiff. It is **RECOMMENDED** that the motion be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Incorporated*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corporation*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 26th day of September, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge